UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :
                                  :
        v.                        :     Crim. No. 3:99CR264(AHN)
                                  :
LUKE JONES                        :

ORDER ON CROSBY REMAND

Now pending before the court is Luke Jones's ("Jones") motion for resentencing [doc. # 2194]. On October 18, 2006, following its decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), and the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Second Circuit ordered a limited remand "in order to allow the district court to consider whether the sentence imposed on Jones would have been nontrivially different if, at the time of sentencing, the Guidelines had been advisory." United States v. Jones, 482 F.3d 60 (2d Cir. 2006).

On a Crosby remand, such as this, the court is required to determine whether it would have "imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the judge had discharged his or her obligations under the post-Booker/Fanfan regime and counsel had availed themselves of their new opportunities to present relevant considerations . . . ." Crosby, 397 F.3d at 117. "In making that threshold determination, the District Court should obtain

the views of counsel, at least in writing, but need not require the presence of the defendant . . . ." Id. at 120. When reaching a decision about whether to resentence, the court need not hold a hearing. Id.

Having now considered Jones's pro se written submission [doc. # 2194] and his counsel's April 26, 2007 letter, the court finds that considering the advisory nature of the Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a), it would have imposed the same sentence as the sentence it originally imposed, that is, life imprisonment on counts 1, 2, 5 and 6 and ten years on counts 18 and 21. The court has considered Jones's arguments that his criminal history should be considered in light of his difficult upbringing, that grouping various counts under the Sentencing Guidelines resulted in an excessive finding of the amount of narcotics attributable to him, and that the sentence imposed by the Sentencing Guidelines under §§ 2A1.5(c)(1) and 2A1.1(a) was "incongruent" with the statutory penalty for conspiracy to commit murder in aid of racketeering. Nevertheless, the court finds that it would again adopt the Sentencing Guidelines calculations described in the Presentence Report, which resulted in a total offense level of 50, well above the maximum offense level under the Sentencing Guidelines. Further, even if the court imposed a nonguidelines sentence, such a sentence would not have been materially different from the

sentence the court already imposed because of the extensive evidence of Jones's leadership role in a violent drug-trafficking organization and his involvement in two murders.

At the time of Jones's sentencing, the court made the following comments, which reflect the court's view today, especially in light of the advisory nature of the Sentencing Guidelines:

> I agree with all of those criticisms that have been leveled at the guidelines, and I myself, on more than one occasion from this bench, have voiced such criticism, but in your case, your case is different.
>
> The sentence that's called for by the guidelines in your case is well deserved. The evidence of your guilt of the drug charges is overwhelming. You were the leader of a drug distribution ring at P.T. Barnum that fed cocaine, crack, heroine, marijuana into the Bridgeport community for many years, and poisoned hundreds, if not thousands, of people, including young children, young teenagers who were started on the road to drug addiction by narcotics that you were responsible for distributing.
>
> How many lives did you destroy as a result of the poison that you fed into the streets of Bridgeport? But you weren't satisfied with destroying lives through the drug trade. You were a murderer as well. You killed your first victim when you were only seventeen years old . . . .
>
> In this case, you were charged with killing Anthony Scott and Montaneal Lawrence. The jury acquitted you of the Scott murder, but there is absolutely no doubt in the Court's mind, that you were guilty of that murder and you committed that murder and you participated in that murder.

> As to Montaneal Lawrence – the murder of Montaneal Lawrence, I venture to say that this Court never presided at a trial – has never presided at a trial and heard evidence of such a cold-blooded murder of an innocent victim, as was your murder of Montaneal Lawrence, and what was Montaneal Lawrence's crime? He got drunk . . . and solely on the word of your girlfriend, Shonte Fuell (phonetic), who told you that Mr. Lawrence spoke disrespectfully to her, you shot and killed him in cold blood with witnesses all around, including small children, and then, after you murdered him in cold blood, you walked out the door, down the stairs, turned around and said, "Sorry," and continued outside. That was your sole expression of remorse for the cold-blooded murder of an innocent man . . . .

(Sentencing Hr'g Tr. 31:10-33:8, Jan. 7, 2004). For these reasons, the court finds that it would not have sentenced Jones to a materially different sentence if, at the time of sentencing, the Guidelines had been advisory. The court, therefore, **DENIES** his motion for resentencing [doc. # 2194].

SO ORDERED this day 5th day of June, 2007 at Bridgeport, Connecticut.

/s/
Alan H. Nevas,
United States District Judge