## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
          *Plaintiff,*

          v.                                        No. 3:99-cr-264-1 (VAB)

LUKE JONES,
          *Defendant.*

### RULING AND ORDER MOTION FOR COMPASSIONATE RELEASE

Luke Jones ("Defendant") has moved for compassionate release under 18 U.S.C. §

3582(c)(1)(A). Mot. for Emergency Compassionate Release Under the First Step Act, ECF No.

2720 (Mar. 11, 2021) ("Def.'s Mot.").

The United States (the "Government") opposes his motion. Government's Opp'n to

Def.'s Second Emergency Mot. for Compassionate Release, ECF No. 2728 (May 14, 2021)

("Gov't Opp'n").

For the reasons set forth below, Mr. Jones's motion for compassionate release is

**DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual and procedural background, and will only

reiterate what is necessary to address this compassionate release motion. *See* Ruling and Order

on First Step Act Mot. for Immediate Release or Resentencing at 1–7, ECF No. 2682 (May 29,

2020); *United States v. Jones*, 3:99-CR-264-1 (VAB), 2020 WL 2791862, at *1–4 (D. Conn.

May 29, 2020).

On January 8, 2020, Mr. Jones moved for resentencing under the First Step Act. First

Step Act Mot. for Resentencing, ECF No. 2636 (Jan. 8, 2020).

On March 26, 2020, the Government opposed Mr. Jones's motion for resentencing under the First Step Act. Government's Opp'n to Def.'s Mem. in Supp. of First Step Act Mot., ECF No. 2657 (Mar. 26, 2020).

On March 31, 2020, Mr. Jones moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Emergency Mot. for Compassionate Release, ECF No. 2658 (Mar. 31, 2020) ("First Mot. for Compassionate Release").

On April 3, 2020, the Government opposed Mr. Jones's first motion for compassionate release. Government's Opp'n to Def.'s Emergency Mot. for Compassionate Release, ECF No. 2666 (Apr. 3, 2020).

On April 24, 2020, Mr. Jones filed a reply in further support of his motion for resentencing under the First Step Act. Reply Mem., ECF No. 2673 (Apr. 24, 2020).

Also on April 24, 2020, Mr. Jones replied to the Government's opposition to his first motion for compassionate release. Reply Mem. in Supp. of Emergency Mot. for Compassionate Release, ECF No. 2674 (Apr. 24, 2020).

On May 5, 2020, this Court held a hearing regarding Mr. Jones's motion for resentencing under the First Step Act and his first motion for compassionate release. Min. Entry, ECF No. 2676 (May 5, 2020).

On May 29, 2020, this Court granted in part and denied in part Mr. Jones's motion for immediate release or resentencing under the First Step Act, and reduced his four concurrent life sentences to 450 months imprisonment, to be followed by a term of five (5) years. *Jones*, 2020 WL 2791862, at *1–2. The Court assumes familiarity with the factual background of the case by reference to its May 29, 2020 ruling and order. *Id.*

Also on May 29, 2020, this Court denied Mr. Jones's first motion for compassionate release. Order, ECF No. 2683 (May 29, 2020).

On March 13, 2021, Mr. Jones filed this second motion for compassionate release. Def.'s Mot.; Mem. in Supp. of Emergency Mot. for Compassionate Release Under the First Step Act, ECF No. 2719 (Mar. 11, 2021) ("Def.'s Mem.").

On May 14, 2021, the Government opposed Mr. Jones's motion. Gov't Opp'n.

On May 31, 2021, Mr. Jones replied to the Government's opposition. Reply in Supp. of Emergency Mot. for Compassionate Release Under the First Step Act, ECF No. 2732 (May 31, 2021) ("Def.'s Reply").

On November 2, 2021, Mr. Jones filed a supplemental memorandum in support of his motion. Suppl. Mem. in Supp. of Emergency Mot. for Compassionate Release Under the First Step Act, ECF No. 2753 (Nov. 2, 2021) ("Suppl. Mem.").

## II.    STANDARD OF REVIEW

A court may modify a term of imprisonment on compassionate release grounds in two circumstances: (1) "upon motion of the Director of the Bureau of Prisons [('BOP')];" or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020) ("In December 2018, as part of the First Step Act, Congress worked a change to th[e] rule of long standing" that a court could only modify a sentence upon motion from the Bureau of Prisons. "A court may now consider a motion for compassionate release made by a defendant who has exhausted his administrative remedies by petitioning the Director

of the BOP to make such a motion, assuming the Director fails to act on the inmate's request

within thirty days[.]").

In determining whether to grant a motion to modify a sentence, a court must consider the

factors set forth in 18 U.S.C. § 3553(a). A court may only grant such a modification if it finds

that "extraordinary and compelling reasons warrant" a modification, or that

> the defendant is at least 70 years of age, has served at least 30 years
> in prison, pursuant to a sentence imposed under section 3559(c), for
> the offense or offenses for which the defendant is currently
> imprisoned, and a determination has been made by the Director of
> the Bureau of Prisons that the defendant is not a danger to the safety
> of any other person or the community.

*Id.* A court must also find that "such a reduction is consistent with applicable policy statements

issued by the Sentencing Commission." *Id.*

## III.    DISCUSSION

18 U.S.C. § 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has
> fully exhausted all administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's behalf or the
> lapse of 30 days from the receipt of such a request by the warden of
> the defendant's facility, whichever is earlier, may reduce the term of
> imprisonment . . . after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if it finds that . . .
> extraordinary and compelling reasons warrant such a reduction . . . .

*Id.* Section 3582(c)(1)(A) authorizes courts "to consider the full slate of extraordinary and

compelling reasons that an imprisoned person might bring before [the court] in motions for

compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("Neither

Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13,

limits the district court's discretion.").

The Commentary to U.S.S.G. § 1B1.13 identifies "four categories of criteria for compassionate release: 'Medical Conditions of the Defendant,' 'Age of the Defendant,' 'Family Circumstances,' and 'Other Reasons.'" *United States v. Rivernider*, 3:10-CR-222 (RNC), 2020 WL 597393, at *2 (D. Conn. Feb. 7, 2020) (quoting U.S.S.G. § 1B1.13, Commentary (1)(A)–(D)). With regard to the "other reasons" category, "'extraordinary and compelling reasons exist' when, [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions, age, or family circumstances. *Id.* at *3 (quoting U.S.S.G. § 1B1.13, Commentary (1)(D)).

In any event, "[t]he defendant has the burden to show he is entitled to a sentence reduction," *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)), and "[d]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction," *United States v. Tagliaferri*, No. 13 CR. 115 (RA), 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019) (quoting *United States v. Jefferson*, 662 F. App'x 36, 38 (2d Cir. 2016)).

Mr. Jones moves this Court to reduce his sentence to time served and order his compassionate release based on extraordinary circumstances posed by the COVID-19 pandemic. Def.'s Mot. at 1; Def.'s Mem. at 1. Mr. Jones contends that his current condition is not properly managed by the Bureau of Prisons ("BOP"), and that a review of the sentencing factors set forth in 18 U.S.C. § 3553(a) support his release. Def.'s Mot. at 1.

The Court addresses each of the relevant factors to Mr. Jones's motion below.

1. **Exhaustion**

Mr. Jones claims that he has exhausted his administrative remedies from the BOP. Def.'s Mem. at 3. The Government does not contest that exhaustion has been satisfied.

The Court will therefore proceed to address the merits of Mr. Jones's motion.

2. **Extraordinary and Compelling Reasons**

Mr. Jones argues that COVID-19 spread is driven by the vulnerability of the host and the risks posed by a given environment. Def.'s Mem. at 7–8. Persons over 50 years of age, suffering from hypertension, gastrointestinal bleeds, elevated prostate antigen ("PSA"), and resection of renal cell carcinoma, and housed in a densely populated prison, he claims, have a "substantially higher risk of developing severe illness, including hospitalization, intensive care needs and death, from contraction of the COVID-19 virus." *Id.* (quoting Ex. 3 to Mot. for Emergency Compassionate Release Under the First Step Act ¶ 24, ECF No. 2720-4 (Mar. 11, 2021) (Declaration of Dr. Frederick L. Altice)).

His conditions, moreover, are allegedly exacerbated by COVID-19 because treatment has been postponed "to a time uncertain," and BOP's response have left him "devoid of medical care." *Id.* at 8. Mr. Jones's kidney condition, for example, requires a CT scan every six months but he went without one for over 18 months. *Id.* He also claims BOP "has not been able to proper[ly] evaluate the significance of his elevated PSA levels[,] exposing him to the dangers of having prostate cancer which may go undiagnosed and untreated." *Id.* at 8–9.

In response, the Government says that BOP has provided treatment for each of the three medical conditions that Mr. Jones claims BOP has failed to address.

Regarding COVID-19, the Government claims that it no longer poses an extraordinary and compelling risk because Mr. Jones was offered the vaccine and, as of April 29, 2021, has

received two doses of the Pfizer-BioNTech vaccine. Gov't Opp'n at 6–7. The Government also notes that Mr. Jones tested positive for COVID-19 on January 8, 2021, and that he made a full recovery. *Id.* at 6.

As to Mr. Jones's kidney condition, the Government argues that since Mr. Jones filed his motion, he has received a CT scan of his chest, abdomen, and pelvis. *Id.* at 8. The CT scan reveals that he has no recurrence of kidney cancer, and so no new treatment is necessary. *Id.*

Lastly, the Government argues that his fear of prostate cancer is not an extraordinary and compelling reason because he has been undergoing prostate cancer screening since approximately 2016. *Id.* at 8–9 (noting that Mr. Jones's PSA levels were monitored in September 2017, June 2019, December 2019, July 2020, and November 2020, and that he saw a urologist in April 2021).

In reply, Mr. Jones argues that while he has finally attended medical evaluations, he continues to not receive adequate testing to determine what care is required, and that these delays place his life at risk. Def.'s Reply at 2; Suppl. Mem. at 2–3. Moreover, he claims that he could be at increased risk of a more severe case of COVID-19, even while being vaccinated, if he has developed prostate cancer. Def.'s Reply at 3–4 (citing *United States v. Hatcher*, 18 CR. 454-10 (KPF), 2021 WL 1535310 (S.D.N.Y. Apr. 19, 2021)).

He also claims that convicted violent conduct is not a disqualifier for compassionate release, as evident by the release of a defendant convicted for the brutal murder of a government informant in *United States v. Rodriguez*, 492 F. Supp. 3d 306, 309 (S.D.N.Y. 2020). *Id.* at 4–5.

Overall, the Court disagrees.

As Mr. Jones notes, the courts and the medical profession have been conscious of the particular risks that prisoners face, both of contracting COVID-19 and of facing harsh conditions

due to the pandemic. *See United States v. Morales*, No. 3:94-CR-112 (SRU), 2020 WL 4926609, at *1 (D. Conn. Aug. 20, 2021) ("Since the outbreak of the COVID-19 pandemic, courts within this circuit and across the country have concluded that 'extraordinary and compelling circumstances' exist when an incarcerated defendant suffers from health conditions that make him particularly susceptible to serious complications should he contract COVID-19."). Indeed, Mr. Jones likens his case to that of the defendant in *United States v. Hatcher*, 18 CR. 454-10 (KPF), 2021 WL 1535310 (S.D.N.Y. Apr. 19, 2021), who was granted compassionate release due to the COVID-19 pandemic. The opinion in that case, however, gave considerable weight to the "critical mental health and rehabilitative services" that the defendant needed and that the court had "envisioned her receiving while incarcerated." *Id.* at *4.

The court in *Hatcher*, moreover, drew attention to the fact that the pandemic has gone through different stages. In that opinion, Judge Failla notes that an earlier decision denying release was distinguishable because "that decision was issued in the fourth, rather than the thirteenth, month of the COVID-19 pandemic." *Id.* at *3. It has now been over twenty-four months since the start of the pandemic, and vaccinations are widely available, a factor that mitigates the risk of severe illness. *See United States v. Poupart*, 3:11-CR-116 (JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) ("Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated."); *United States v. Gonzalez*, No. 3:97-CR-204 (JCH), 2021 WL 1990041, at *3 (D. Conn. Apr. 23, 2021) ("The court thus concludes that Gonzalez's vaccination mitigates his risk of severe illness from COVID-19, to the point that his health conditions do not constitute, or

even contribute to a finding of, extraordinary and compelling circumstances warranting his release.").

      To the extent that Mr. Jones believes he is not receiving adequate medical care for any of his medical conditions, those issues can be addressed through a claim under the Eight Amendment, rather than through a motion for compassionate release. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (concluding that the Eight Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and that prison officials "take reasonable measures to guarantee the safety of the inmates").

      To be clear, Mr. Jones's health concerns deserve attention. At this time, however, they do not warrant relief under 18 U.S.C. § 3582(c)(1)(A).

### 3. Section 3553(a) Factors

      Mr. Jones claims that "the most up-to-date picture" of his history and characteristics reflect that he "has matured through experience, education, training, and reflection," which support a reduced sentence. Def.'s Mem. at 9 (citing Ex. 8 to Mot. for Emergency Compassionate Release Under the First Step Act ¶ 24, ECF No. 2720-9 (Mar. 11, 2021) (BOP Progress Report)).

      Moreover, he claims to no longer be a danger to the safety of others in the community as evidenced by his age, well-documented medical conditions, and his accomplishments in the BOP. *Id.* at 10. The mentorship role he has assumed in prison, his respect toward staff, his extensive educational programming, and his remorse and acceptance of responsibility allegedly all support this conclusion. *Id.* at 9–10.

      Though he acknowledges that his crime was serious, Mr. Jones argues that a sentence of time served accomplishes the goals of punishment and deterrence, and is "appropriate" given the

health risks he now claims to face. *Id.* at 10. In support, he cites to numerous cases from this District where courts have granted compassionate release during the COVID-19 pandemic due to the defendants' health risks. *Id.* at 10–12.

Finally, Mr. Jones argues that he has a strong release plan that includes familial support, stable housing, and medical care. *Id.* at 12–13.

The Government contends that the § 3553(a) factors do not support a sentence reduction because they remain unchanged since the Court's May 29, 2020 order reducing Mr. Jones's four consecutive life sentences to 450 months. Gov't Opp'n at 9, 11. The Government specifically implores the Court to consider that the need for just punishment and the nature, circumstances, and seriousness of Mr. Jones's offenses remain unchanged and support maintaining his sentence unchanged. *Id.* at 9–11. As to potential rehabilitation since May 29, 2020, the Government argues that "[i]t would be unjust to assume that the passage of time has diminished the impact of Jones's murders, while continually giving Jones renewed credit for each rehabilitative step he takes," and that, in any event, he points to no additional evidence of rehabilitation since then. *Id.* at 11.

Overall, the Court agrees.

In the Ruling and Order granting in part and denying in part Mr. Jones's First Step Act motion, the Court considered all of the factors that have been discussed in the briefing for this motion. *See* Jones, 2020 WL 2791862, at *12–14 ("This reduction takes into consideration all of Mr. Jones's relevant criminal conduct as well as his rehabilitation efforts since these crimes."). Nothing significant has changed since the Court issued this decision just over two years ago.

Accordingly, the Court will deny Mr. Jones's motion for compassionate release.

**IV.     CONCLUSION**

For the reasons explained above, the motion for compassionate release under 18 U.S.C. §

3582(c)(1)(A) is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of August, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE